IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TAMARA TURNER,** *et al.*, | ) | Case No. 1:11-cv-00056 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Judge James S. Gwin |
| vs. | ) | |
| | ) | **PLAINTIFF'S OPPOSITION** |
| **LERNER, SAMPSON & ROTHFUSS,** | ) | **TO DEFENDANT'S MOTION** |
| | ) | **TO DISMISS** |
| Defendant. | ) | |

Plaintiff, by and through its undersigned attorneys, hereby opposes Defendant's Motion to Dismiss because Plaintiff has adequately stated multiple claims for relief against the Defendant. Plaintiff incorporates by reference a Memorandum in Support.

**MEMORANDUM OF PLAINTIFF IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Lerner, Sampson & Rothfuss ("LS&R") has undeniably fabricated thousands of assignments of mortgage, sponsored those assignments as genuine and wrongfully filed foreclosure actions against thousands of Ohioans on behalf of clients who LS&R knew, or should have known, could not demonstrate that they were the holders of the subject mortgage notes. Now, LS&R wants this Court to believe they did nothing wrong.

It is well settled that the plaintiff must be the real party in interest when a foreclosure complaint is filed or it lacks standing. In *Wells Fargo Bank NA v. Jordan 2009 Ohio 1092, 2009 Ohio App. LEXIS 881, discretionary appeal not allowed, 2009 Ohio 5031, 2009 Ohio App. LEXIS 2730* The Court of Appeals of Ohio for the Eighth Appellate District reversed the decision of the Cuyahoga County Court of Common Pleas and adopted the reasoning of the First Appellate District in *Wells Fargo Bank NA v. Byrd 17 Ohio App. 3d 285 (2008),* the Ohio Supreme Court in *State ex rel Dallman v. Court of*

1

*Common Pleas* 35 Ohio St. 2d 176 (1973) other courts in Ohio and across the nation in holding that a party that cannot demonstrate that it is the holder of the note lacks standing to invoke the jurisdiction of the Court. Despite these decisions and others, LS&R has continued to repeatedly file foreclosure complaints with the full knowledge that their clients cannot demonstrate standing and has filed false affidavits, indorsements and mortgage assignments in conjunction with those foreclosure proceedings.

Although LS&R feigns confusion as to what the law is, the law is clear. Dismissal of foreclosure cases because the Plaintiff is not the real party in interest and thereby lacks the capacity to sue is the rule in both federal and state courts. On October 31, 2007, Judge David D. Dowd, Jr. dismissed *LaSalle Bank National Association v. Tapolcsany*, Case No. 5:2007cv02980 and wrote in his Order "A review of the record reveals that plaintiff lacked standing to bring this diversity foreclosure action. The complaint was filed on September 28, 2007. However, the assignment occurred on October 1, 2007, that is, after the date the lawsuit was commenced." The very same day as Judge Dowd's Order, Judge Christopher Boyko dismissed fourteen cases for similar lack of standing and identified an additional problem; "Further, the Assignment documents are all prepared by counsel for the named Plaintiffs. These proffered documents belie Plaintiffs' assertion they own the Note and Mortgage by means of a purchase which pre-dated the Complaint by days, months or years." See *In re Foreclosure Cases,* 2007 WL 3232430, at * 3 (N.D.Ohio, Oct. 31, 2007). Accord *In re Foreclosure Actions*, 2007 WL 4034554 (N.D.Ohio, Nov. 14, 2007); *In re Foreclosure Cases*, 2007 WL 4056586 (S.D. Ohio, Nov. 15, 2007).

Defendant LS&R wrongfully prepared assignments for their clients and filed false

or misleading affidavits with the courts. Based on the misconduct of Defendant LS&R, the Class Plaintiffs have stated a claim for a violation of the Fair Debt Collection Practices Act, slander of credit, abuse of process, malicious prosecution, violation of the Consumer Sales Practices Act, and violation of Ohio Revised Code 2323.51 for frivolous filings of foreclosure lawsuits.

## STANDARD FOR A MOTION TO DISMISS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(B)(6) is a test of sufficiency and "a district court must accept as true all allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff." *Kottmyer v. Mass*, *436 F.3d 684, 688 (6th Cir. 2006)*. The Court's task is to determine whether the Plaintiff is entitled to offer evidence in support of its claims, not whether Plaintiff will prevail. *Scheuer v. Rhodes*, *416 U.S. 232, 236, 94 S.Ct 1683, 2 L.Ed.2d 90 (1974)*. Federal Rule of Civil Procedure 8(a) only requires Plaintiff to allege "a short and plain statement of the claim showing that the pleader is entitled to relief." *Westlake v. Lucas*, *537 F.2d 857, 858 (6th Cir.1976)*. It is only appropriate to dismiss a Complaint if the movant shows "beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## LAW AND ARGUMENT

The Class Plaintiffs have all been victims of Defendant LS&R's unscrupulous practices of creating fraudulent assignments of mortgage and filing foreclosures on behalf of parties who lack standing. Defendant claims their behavior does not violate the law, but it is in direct violation of the binding case law in Cuyahoga County, which is where the unlawful conduct occurred to the named Class Plaintiffs. Defendant LS&R has also

3

wrongfully filed foreclosures without standing throughout the State of Ohio.

**1. DEFENDANT LS&R VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT BECAUSE THEIR FORECLOSURE FILINGS LACKED STANDING AND THEIR ASSIGNMENTS WERE FALSE AND MISLEADING REPRESENTATIONS IN THE ATTEMPT TO COLLECT A DEBT**

Defendant law firm LS&R has been filing foreclosures on behalf of clients who lack standing, LS&R employees have been executing assignments of mortgage for MERS without authority, and LS&R attorneys filed fraudulent affidavits in foreclosure cases.

**a. Initiating a foreclosure before the note and mortgage has been assigned to the Plaintiff violates the Ohio Constitution and constitutes a deceptive means of attempting to collect a debt under the Fair Debt Collection Practices Act**

The Ohio Constitution in Article 4 only grants the Common Pleas Courts of Ohio jurisdiction over justiciable matters. *See* Section 4(B), Article 4, Ohio Constitution. A justiciable matter involves an actual controversy. To have a justiciable controversy there must be injury, causation, and the court must be capable of redressing the injury. Without the real party in interest, by definition, there is no controversy and no justiciable matter. *Cleveland Paint & Color Co. v. Bauer Manufacturing Co.* 155 Ohio St. 17 (1951). When Defendant LS&R files a foreclosure complaint in Ohio and their client cannot demonstrate standing without owning the note and mortgage there has been no injury to LS&R's client. Without a current injury there is no justiciable matter and the court lacks jurisdiction to decide the case.

Defendant LS&R's conduct of initiating foreclosure complaints on behalf of clients who lack standing is a deceptive means of attempting to collect a debt in violation of the Fair Debt Collection Practices Act. "When a complaint for a FDCPA violation alleges that the plaintiff in the underlying collection action asserted it was the owner of

4

the debt "all the while knowing that they did not have means of proving the debt," that FDCPA complaint will survive a motion to dismiss for failure to state a claim." *Whittiker v. Deutsche Bank National Trust Co.*, 605 F. Supp. 2d 914, 929 (N.D. Ohio 2009) citing *Delawder v. Platinum Financial Services*, 443 F. Supp. 2d 942, 945 (S.D. Ohio 2005) (FDCPA violation for deceptive means of attempting to collect a debt when a false affidavit was attached to complaint "all the while knowing that they did not have means of proving the debt"). The *Whittiker* Plaintiffs lost because they did not claim that Deutsche Bank "filed the underlying foreclosure actions all the while knowing that it did not have the means to prove ownership of the debts." *Whittiker*, 605 F. Supp. 2d. at 930. In *Whittiker*, Deutsche Bank was able to demonstrate that it was the holder of the note and that the claim was time barred. *Whittiker* is distinguishable from the present case because the Class Plaintiffs have alleged that Defendant LS&R has filed foreclosures for clients who lacked standing and could not prove ownership of the debts. Plaintiff has also alleged wrongdoing on the part of Defendant LS&R for creating mortgage assignments for MERS without authority and having LS&R attorneys and staff both file and sponsor false affidavits in the foreclosure actions.

The behavior of Defendant LS&R constitutes false and misleading representations and violates the Fair Debt Collection Practices Act. See *Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp. 2d 1016 (S.D. Ohio 2007) (knowledge that information in affidavit is false as to specifics of debt is more than lack of paper trail); *Gionis v. Javitch, Block & Rathbone, LLP,* 238 Fed. Appx. 24, 28-30 (threat to take action that cannot be legally taken in Ohio (collect attorney fees) violates § 1692e).

Defendant LS&R has violated the Fair Debt Collection Practices Act by

wrongfully filing foreclosures on behalf of clients who lacked standing. "The question of standing is whether a litigant is entitled to have a court determine the merits of the issues presented." *Ohio Contrs. Assn. v. Bicking* 71 Ohio St. 3d 318, 320 (1994) citing *Warth v. Seldin* 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343, 354 (1975). "Standing is a jurisdictional requirement and cannot be waived." *Mortgage Electronic Registration Systems, Inc. v. Mosley,* 2010-Ohio-2886, ¶17. To have standing a litigant must be able to show actual injury. *Ohio Contrs. Assn. v. Bicking* 71 Ohio St. 3d 318, 320 (1994). "To be compensable, the injury must be concrete and not simply abstract or suspected. *Id*.; *State ex rel. Consumers League of Ohio v. Ratchford* 8 Ohio App.3d 420,(1982) 424, 8 OBR 544, 548, 457 N.E.2d 878, 883.* Since Defendant LS&R's clients did not own the mortgage and note at the time of filing the complaint there was no justiciable controversy. Article 4 of the Ohio Constitution only grants the Common Pleas Courts of Ohio jurisdiction over justiciable matters and any alleged injury to LS&R's clients was nonexistent, thus, denying them standing.

Only the real party in interest has standing to invoke the court's jurisdiction. "Every action shall be prosecuted in the name of the real party in interest." Civ.R. 17. "In a foreclosure action, the real party in interest is the entity that is the current holder of the note and mortgage." *Deutsche Bank Natl. Trust Co. v. Sexton*, 2010-Ohio-4802, ¶9 citing *BAC Home Loans Servicing, L.P. v. Hall*, Warren App. No. CA2009-10-135, 2010-Ohio-3472, at ¶14; *Deutsche Bank Natl. Trust Co. v. Cassens*, Franklin App. No. 09AP-865, 2010 Ohio 2851 at ¶8.

In *Wells Fargo Bank, N.A. v. Byrd id*, an attorney filed a foreclosure complaint on behalf of Plaintiff Wells Fargo Bank, N.A. but attached a note and mortgage that named WMC Mortgage Corporation as the lender. Wells Fargo filed a motion for summary

6

judgment and attached an assignment of mortgage dated over month after the Complaint was filed - thus raising the issue of whether Wells Fargo was the real party in interest and had standing to foreclose. The court analyzed this issue and stated:

> "A party lacks standing to invoke the jurisdiction of a court unless he has, in an individual or a representative capacity, some real interest in the subject matter of the action. The Eleventh Appellate District has held that "Civ.R. 17 is not applicable when the plaintiff is not the proper party to bring the case and, thus, does not have standing to do so. A person lacking any right or interest to protect may not invoke the jurisdiction of a court." The court also noted that "Civ.R. 17(A) was not applicable 'unless the plaintiff had standing to invoke the jurisdiction of the court in the first place, either in an individual or representative capacity, with some real interest in the subject matter.' Civ.R. 17 only applies if the action is commenced by one who is sui juris or the proper party to bring the action." *Wells Fargo Bank, N.A. v. Byrd*, 178 Ohio App.3d 285, 2008-Ohio-4603, ¶9.

Since Wells Fargo did not own the mortgage and note at the time of filing, Wells Fargo was not the proper party to bring the case and thus, Civ.R. 17 which permitted ratification, joinder or substitution was not applicable. "We hold that in a foreclosure action, a bank that was not the mortgagee when suit was filed cannot cure its lack of standing by subsequently obtaining an interest in the mortgage." <u>Wells Fargo Bank, N.A. v. Byrd</u>, *id*.

A sua sponte dismissal by the court for lack of standing is appropriate because the Advisory Committee's Notes to Civ. R. 17 "make it clear that this provision is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made. When determination of the correct party to bring the action was not difficult and when no excusable mistake was made, the last sentence of Rule 17(a) is inapplicable and the action should be dismissed." <u>Bank of New York v. Gindele</u>, *2010-Ohio-542, ¶4* citing <u>Wells Fargo Bank, N.A. v. Byrd,</u> *id*. When

Defendant LS&R filed foreclosures and their clients did not own the note and mortgage <u>the real party in interest was not difficult to determine</u> and <u>no understandable mistake was made</u>. Defendant LS&R's clients often were not the record title holder on file with the county recorder's offices, and unable to offer any evidence of ownership with the exception of assignments prepared by Defendant LS&R that were executed by LS&R employees pretending to be MERS corporate officers. Defendant LS&R has routinely used false, deceptive and/or misleading statements as evidence when prosecuting foreclosure actions in violation of *15 USC §1692(e)*.

  **b.**   **The documentation provided by Defendant LS&R in multiple foreclosure cases is insufficient to establish standing on behalf of their client**

The three named Class Plaintiffs have all been victims of Defendant LS&R's overzealous attempts to foreclose on behalf of clients who have no legal right to do so. Defendant LS&R admits to filing for foreclosure against Class Plaintiff Tamara Turner on October 16, 2009. (Defendant's Motion to Dismiss, page 10). <u>Deutsche Bank Natl. Trust Co. v. Ingle</u>, *2009-Ohio-3886,* a case that attorneys at Defendant LS&R litigated on appeal, was decided on August 6, 2009 and followed the law of <u>Wells Fargo Bank, N.A. v. Jordan</u> that a foreclosure plaintiff needed to own the mortgage and note prior to filing the complaint. After the decision in <u>Ingle</u>, LS&R attorneys Jeffrey R. Helms, Stacy L. Hart, and Lorelei C. Bolohan served as counsel of record for Provident Funding Associates LP in the foreclosure case against Tamara Turner. The Cuyahoga County Court of Common Pleas dismissed the case and issued the following journal entry:

> MOTION OF THE DEFENDANTS PHILIP TURNER AND TAMARA TURNER TO DISMISS FOR PLAINTIFF'S LACK OF STANDING TO FILE THE FORECLOSURE IS GRANTED. PLAINTIFF DID NOT PRESENT EVIDENCE TO THE COURT THAT IT OWNED THE

> SUBJECT PROMISSORY NOTE AS OF THE DATE OF THE FILING OF ITS COMPLAINT IN THIS CASE AND COULD NOT, THEREFORE, PROVE THAT IT HAD STANDING TO FILE THIS CASE. SEE WELLS FARGO BANK V. JORDAN, 2009 OHIO 1092 (8TH DIST. CT. APP., MAR. 12, 2009). MERS COULD NOT ASSIGN THE NOTE AS IT NEVER HELD THE PROMISSORY NOTE. THERE IS NO EVIDENCE THAT THE ALLONGE WAS EVER AFFIXED TO THE NOTE. VIRTUAL BANK PURPORTS TO INDORSE THE NOTE TO THE PLAINTIFF, BUT THERE IS NO EVIDENCE THAT VIRTUAL BANK HELD THE NOTE AT THE TIME OF INDORSEMENT. VIRTUAL BANK IS ALSO NOT THE PAYEE ON THE NOTE. COMPLAINT DISMISSED WITHOUT PREJUDICE. AS PLAINTIFF DID NOT HAVE STANDING TO FILE THIS CASE, THE COUNTERCLAIM IS ALSO DISMISSED WITHOUT PREJUDICE. (FINAL) COURT COST ASSESSED TO THE PLAINTIFF(S). CLDLJ 11/09/2010 NOTICE ISSUED. (Complaint, ¶ 22).

Obviously, Defendant LS&R failed to provide sufficient documents to establish standing to foreclose and the Cuyahoga Court of Common Pleas correctly dismissed the case for lack of standing.

On January 5, 2010 Defendant LS&R through its attorney Jennifer N. Heller filed for foreclosure against Mary Sweeney. The case was dismissed on August 24, 2010 based on Defendant LS&R's failure to demonstrate that it's client had standing as required by <u>Wells Fargo Bank, N.A. v. Jordan,</u> 2009-Ohio-1092. (Complaint, ¶ 29) and its progeny.

The Ungers have also stated a claim against Defendant LS&R because there has been equitable tolling of the statute of limitations. Defendant LS&R did not provide sufficient evidence of standing in its attempt to take the Unger's home. (Complaint,¶ 38). When another law firm attempted to foreclose on the Ungers they used as their "evidence" of standing the assignment of mortgage executed by Defendant LS&R clerical employee Shellie Hill. That foreclosure complaint was ultimately dismissed on July 13, 2010. (Complaint, ¶¶ 39-41). Since the assignment drafted by LS&R and

executed by an LS&R employee was used to attempt to collect a debt against the Ungers, the statute of limitations would expire on July 13, 2011. Thus, Plaintiff's filing on January 4, 2011 is within the statute of limitations.

Defendant LS&R is dishonest when stating "This confusion in the court decisions leaves lenders' counsel with little guidance on this issue." (Defendant's Motion to Dismiss, page 8). The case law in Cuyahoga County at the time of the foreclosures of the named Class Plaintiffs required a valid assignment **prior** to filing a foreclosure Complaint. It is disingenuous for Defendant LS&R to claim to be confused about the law when LS&R attorney April A. Brown represented the Plaintiff in *Deutsche Bank Natl. Trust Co. v. Ingle*. LS&R attorneys April A. Brown, Romi T. Fox, and M. Elizabeth Hils handled the appeal of that case and a decision by the Court was released in *Deutsche Bank Natl. Trust Co. v. Ingle*, Cuyahoga App. No. 92487, 2009-Ohio-3886. Defendant LS&R knew their conduct was unacceptable to the Court yet they continued to file more foreclosures that lacked standing even though they made their argument to the appellate court and lost.

The motion to certify conflict mentioned in Defendant's motion is not relevant. The motion is based on *U.S. Bank, Nat'l. Ass'n. v. Perry*, 2010-Ohio-6171, 2010 Ohio App. LEXIS 5191 (8th Dist. Ct. App. Dec. 16, 2010) which reversed summary judgment for U.S. Bank because the assignment of mortgage was not recorded prior to filing the complaint and violated *Wells Fargo Bank, N.A. v. Jordan*. The cases cited by Defendant LS&R from other appellate courts cannot possibly provide an excuse for their actions against the named Class Plaintiffs in 2009 and 2010. Defendant LS&R is required to instruct its attorneys to follow the existing law in place in the county where the

10

foreclosure is filed. *Deutsche Bank Natl. Trust Co. v. Ingle* is binding law in Cuyahoga County, and Defendant LS&R had knowledge of this law but blatantly chose to ignore it by filing foreclosures on behalf of clients who lacked standing to foreclose. In addition, on February 3, 2011 the Eighth District Court of Appeals decided *Deutsch Bank Natl. Trust Co. v. Triplett*, 2011-Ohio-478 and stated, "The case law in the 8th District is simple and clear; the putative mortgagee must own the mortgage at the time of the filing of the complaint, otherwise it lacks standing." Thus, these foreclosure filings by Defendant LS&R are insufficient to establish standing and are an unfair and/or unconscionable act in the collection of a debt in violation of 15 USC § 1962(f).

    **c.** **When LS&R employee Shellie Hill executed an assignment of mortgage pretending to be an officer of MERS she engaged in fraudulent behavior which constituted deceptive means of attempting to collect a debt in violation of the FDCPA.**

There is no good faith basis for Defendant LS&R to claim that it is proper for LS&R to draft an assignment of mortgage which is then signed by a clerical employee of LS&R who pretends to be a high level corporate officer of MERS.

Defendant states "assignments of mortgage are immaterial to a foreclosure defendant." (Defendant's Motion to Dismiss, page 13). Defendant cites *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009) (materiality required for FDCPA violation). What Defendant LS&R fails to recognize is that in addition to committing fraud, its employee Shellie Hill has turned mortgage assignments into a material issue. In many foreclosure cases the original note is not payable to the entity attempting to foreclose. The assignment of mortgage, often fraudulent, gives the impression to courts that the Plaintiff has the legal right to foreclose. These assignments of mortgage are also recorded into the county recorder's office which gives a greater impression of their

11

legality. Defendant's argument on page 13 that the assignment of mortgage process "is wholly unimportant as a matter of Ohio law" is incorrect because in many cases the original note is transferred by an indorsement in blank which means the Court has no way to tell who, if anyone, the note was really transferred to. Since the original note is rarely produced, and often lost or destroyed, the Court only has the word of foreclosure attorneys that the note was assigned. On the other hand, the assignment of mortgage **DOES** mention the assignee by name and so foreclosing entities always want to create an assignment of mortgage to show the Judge and to file in the county recorder's offices. Law firms like Defendant LS&R who offer to fabricate mortgage assignments on behalf of their clients and then execute those assignments with signatures of their clerical employees posing as corporate officers of MERS are committing clear violations of the Fair Debt Collection Practices Act by committing deceptive and unfair debt collection practices.

Defendant LS&R's argument that its employee Shellie Hill is merely using a pseudonym is a poor attempt to cover up its corrupt practices. A pseudonym is a fake name, such as a pen name, for a real person. "Shellie Hill" is not a fake name for the **REAL** Vice President of MERS. Shellie Hill is actually an employee of Defendant LS&R who is paid to fraudulently execute assignments purporting to transfer legal authority to foreclose on someone's home. The behavior of Defendant LS&R is competitively disadvantaging legitimate debt collectors in violation of the Congressional purpose of enacting the Fair Debt Collection Practices Act.

  d. **Defendant LS&R filed an "Affidavit as to Real Party in Interest" in the Turner case which was false**

Defendant's response to Plaintiff's allegation in paragraph 21 of the Complaint is

that "Nowhere in the affidavit, which, by the way, was executed by a Provident representative - not an LSR employee - does the affiant testify that Provident is the real party in interest." (Defendant's Motion to Dismiss, page 14). Essentially what Defendant LS&R is arguing here is that the Affidavit filed by an LS&R attorney and titled "Affidavit as to Real Party in Interest" does not swear that Provident is the real party in interest. Defendant LS&R has just admitted that this affidavit is a false or misleading affidavit and has proven the allegation in paragraph 21 of the Complaint. Moreover, LS&R conveniently fails to address the fact that LS&R Attorney Lorelei C. Bolohan filed an Affidavit before the Cuyahoga County Court of Common Pleas, wherein she offered demonstrably false testimony that "Plaintiff is the holder of the note and mortgage which are the subject of the within foreclosure action, …" Therefore, the effort to deflect the wrongdoing to their client, is both false and misleading.

**2.  PLAINTIFF HAS STATED A CLAIM FOR FDCPA/SLANDER OF CREDIT BECAUSE ATTORNEYS AT DEFENDANT LS&R HAVE ACTED WITH MALICE BY FILING FRAUDULENT FORECLOSURES AND CONTINUING TO SEEK SHERIFF SALES EVEN WHEN CONFRONTED WITH THEIR FRAUDULENT DOCUMENTS**

Defendant has manufactured false evidence in an effort to maintain legal actions without basis in fact. (Complaint, ¶ 49). "The institution of legal proceedings without standing based upon false statements is violative of the FDCPA and operates as a slander upon the Plaintiffs individual creditworthiness." (Complaint, ¶ 50). Despite Defendant's contentions at page 15 in their Motion to Dismiss, Plaintiff has alleged WHAT evidence was false, WHY it was false, WHEN the information was sponsored, and WHY the Class Plaintiffs knew that Defendant LS&R had knowledge of the false evidence. See Complaint, ¶¶ 18-41 and section 1(b) of this motion titled **The documentation provided**

**by Defendant LS&R in multiple foreclosure cases is insufficient to establish standing on behalf of their client.** To summarize briefly, Defendant LS&R creates fraudulent assignments of mortgage in foreclosure cases, these assignments are fraudulent because they are executed by LS&R clerical employees pretending to be corporate officers of MERS, these assignments are sponsored by Defendant LS&R when their attorneys attach them to foreclosure complaints and argue they provide standing to foreclose, and Defendant LS&R has knowledge of the falsity of these assignments because they were drafted by Defendant LS&R, executed by an LS&R employee who Defendant knew did not really work for MERS, and then used as "evidence" by attorneys working for Defendant LS&R to improperly attempt to collect a debt. Defendant LS&R, concerned only with reaping profits, acted with actual malice by filing multiple foreclosure cases without proof of standing.

Defendant LS&R is **NOT** entitled to immunity from a slander of credit claim because Defendant LS&R has acted with actual malice. Defendant's strict privity argument also fails because the conduct of Defendant LS&R did not arise "from good-faith performance of services on behalf of a client." Defendant LS&R knew that their clients did not have the evidence needed to foreclose so Defendant LS&R fabricated assignments of mortgage, had their employees sign as corporate officers and then submitted these fabrications to courts to give the impression that the assignments were valid legal instruments. Since Defendant acted in bad faith Defendant is not entitled to immunity and Plaintiff has stated a claim for Slander of Credit.

    3.    **PLAINTIFF STATED A CLAIM FOR ABUSE OF PROCESS**

The elements of abuse of process are "(1) that a legal proceeding has been set in

motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful process." *Bickley v. FMC Techs., Inc.*, 282 F. Supp. 2d 631, 639 (N.D. Ohio 2003) (quoting *Yaklevich v. Kemp, Schaeffer & Rowe*, 626 N.E.2d 115, 118 (Ohio 1994).

Plaintiff has satisfied element (1) by alleging that Defendant LS&R "place into motion civil proceedings in proper form despite a lack of standing." (Complaint, ¶ 52). Plaintiff has satisfied elements (2) and (3) because Plaintiff has realleged "each and every of the foregoing allegations as if fully rewritten herein at length." (Complaint, ¶ 51). Plaintiff's allegations, which must be taken as true for purposes of Defendant's Motion to dismiss, show that Defendant LS&R has perverted the legal proceedings with the ulterior purpose of seeking sheriff sales based upon assignments of mortgage executed without proper authority. (Complaint, ¶¶ 2-3). "Attorneys associated with or employed by LS&R have engaged in the practice of filing false and/or misleading affidavits with the Cuyahoga County Court of Common Pleas in an effort to persuade the Court that the LS&R's client has standing to prosecute a foreclosure action as the real party in interest when such is clearly not the case." (Complaint, ¶ 4).

Direct damage has resulted to the Class Plaintiffs from the wrongful process because "Ohio homeowners are wrongfully being required to defend frivolous foreclosure actions and incur substantial legal fees when the Plaintiff lacked the standing to institute the foreclosure proceeding in the first instance." (Complaint, ¶ 5). Homeowners unable to afford an attorney are being wrongfully evicted from their homes by Defendant LS&R's clients who are not the real party in interest. (Complaint, ¶ 6).

Direct damage has also resulted to Ohio homeowners who declared bankruptcy after receiving a foreclosure complaint from Defendant LS&R clients who lacked standing to prosecute. (Complaint, ¶ 7). Other homeowners voluntarily vacated their homes and were damaged because Defendant LS&R filed a wrongful foreclosure complaint. (Complaint, ¶ 8). Plaintiff has sufficiently pleaded all of the elements of an abuse of process claim against Defendant LS&R.

### 4. PLAINTIFF STATED A CLAIM FOR MALICIOUS PROSECUTION

A cause of action for malicious civil prosecution has four elements: "(1) malicious institution of prior proceedings against the plaintiff by defendant, (2) lack of probable cause for the filing of the prior lawsuit, (3) termination of the prior proceedings in plaintiff's favor, and (4) seizure of plaintiff's person or property during the course of the prior proceedings." *Robb v. Chagrin Lagoons Yacht Club*, 662 N.E.2d 9, syllabus (Ohio 1996).

Plaintiff has satisfied the elements of a malicious prosecution claim. Plaintiff realleged all prior allegations and these allegations included all the details of the misconduct of Defendant LS&R when seeking foreclosure against the three named Class Plaintiffs. (Complaint, ¶¶ 18-38). "Defendant has initiated proceedings against these Plaintiffs, and others when the Defendant's clients lack standing." (Complaint, ¶ 54). The very act of attempting to force people out of their homes when their client does not have the proper paperwork to prove ownership constitutes malice by Defendant LS&R. If their clients had probable cause to file for foreclosure then there would be no need for Defendant LS&R to create assignments of mortgage executed by Shellie Hill as a pretend officer of MERS. Thus, Plaintiff has satisfied elements (1) and (2) of a malicious

prosecution claim. Element (3) has been satisfied, and Defendant LS&R does not deny that the prior litigation has resolved in Plaintiff's favor. Element (4) is satisfied because Defendant LS&R filed frivolous foreclosures against the Class Plaintiffs who had their property seized by having to pay attorney fees to defend these frivolous claims, or had the misfortune of having their home seized because they were unable to pay for an attorney to challenge the fraudulent documents that Defendant LS&R created to obtain wrongful foreclosures. Plaintiff has stated a claim against Defendant LS&R for malicious prosecution.

### 5. PLAINTIFF STATED A CLAIM UNDER THE OHIO CONSUMER SALES PRACTICES ACT ("OCSPA") BECAUSE DEFENDANT LS&R COMMITED AN UNFAIR AND DECEPTIVE ACT IN CONNECTION WITH A CONSUMER TRANSACTION

The OCSPA defines a "supplier" as a "person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer." O.R.C. § 1345.01(B). "Additionally, courts have interpreted the OCSPA to apply to the collection of debts by attorneys that qualify as suppliers." *Delawder v. Platinum Financial Services*, 443 F. Supp. 2d 942, 952 (S.D. Ohio 2005); See *Celebrezze v. United Research, Inc.*, 19 Ohio App.3d 49, 50, 482 N.E.2d 1260, 1262 (1984); see also *Schroyer v. Frankel*, 197 F.3d 1170, 1177 (6th Cir.1999). Ohio Revised Code Section §1345.02 states that "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." O.R.C. §1345.02 A supplier in connection with a residential mortgage will include an assignee or purchaser of the loan for value if a "violation was committed by the assignee or purchaser" or "the assignee or purchaser is affiliated by common control with the

17

seller of the loan at the time of such assignment or purchase." See O.R.C. §1345.091, O.R.C. §1345.01(C). Defendant LS&R helped its clients violate the Ohio Consumer Sales Practices Act when Defendant created an assignment of mortgage for the assignee in foreclosure cases which was executed by Shellie Hill instead of the real Vice President of MERS. Plaintiff's class claims should be allowed because former Ohio Attorney General Richard Cordray determined that it was misconduct and a violation of the Ohio Consumer Sales Practices Act to file "affidavits, assignments, and other documents that were false and by proceeding to foreclosure judgments in spite of the false affidavits, assignments, and other documents." See Complaint, *Cordray v. GMAC*, ¶ 50. This conduct has previously been found by an Ohio court to violate the Consumer Sales Practices Act. *Id*. at ¶ 53. Current Ohio Attorney General Mike DeWine is continuing to prosecute the GMAC case. The misconduct of Defendant LS&R is substantially similar, if not worse, than the misconduct of GMAC, ALLY, and robosigner Jeffrey Stephan. Thus, Plaintiff has stated a claim.

### 6. DEFENDANT LS&R HAS FILED FRIVOLOUS LAWSUITS

Ohio Revised Code Section § 2323.51 permits the award of sanctions, including attorney fees, when a frivolous claim is filed that consists "of allegations or other factual contentions that have no evidentiary support." O.R.C. § 2323.51(A)(2)(a)(iii). "The conduct of LS&R in filing lawsuits against the Plaintiffs, individually, wherein the LS&R client lacks standing amount to frivolous lawsuits, frivolous conduct, and frivolous actions, under Ohio law, including but not limited to Ohio Revised Code § 2323.51." (Complaint, ¶ 63). Many of the Class Plaintiffs might still be involved in litigation with Defendant LS&R and so they have the right to recover money damages based on

Defendant LS&R's filing of a foreclosure lawsuit without evidence of standing. Plaintiff has stated a claim and after discovery can identify with particularity all those entitled to recover.

## CONCLUSION

Defendant LS&R is a foreclosure mill that fabricates documents to attempt to create a justiciable controversy when there is none between the homeowner and Defendant's client. Defendant's rush to foreclose instead of working out a viable solution has decimated neighborhoods by leaving homes vacant and forcing families onto the streets. All class members have been subject to and effected by the same conduct - claims based on form pleadings, internal business practices of Defendant LS&R that include the creation of in house documents which purport to transfer mortgage deeds and promissory notes without any independent verification of their authenticity, and the creation of affidavits without any personal knowledge of their authenticity. Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss.

Respectfully submitted,

/s/ James R. Douglass
JAMES R. DOUGLASS (0022085)
JAMES R. DOUGLASS CO. LPA
20521 Chagrin Blvd. Suite D
Shaker Heights, Ohio 44122
(216) 991-7640  Office
(216) 991-7641  Facsimile
firedcoach@aol.com

/s/ Marc E. Dann
MARC E. DANN, ESQ. #0039425
LAW OFFICES OF MARC DANN
20521 Chagrin Blvd. Suite D
Shaker Heights, Ohio 44122
(216) 373-0539  Office
(216) 373-0536  Facsimile
mdann@dannlaw.com
Attorneys for Plaintiffs

**CERTIFICATION UNDE RLOCAL RULE 7.1**

This case has been recommended for the standard track. I hereby certify that Plaintiff's Opposition to Defendant's Motion to Dismiss complies with the page limitation set forth in LR 7.1(f).

/s/James R. Douglass
James R. Douglass


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

/s/ James R. Douglass
James R. Douglass